Merrill *v*. Shattuck.

To enable a divorced wife to recover her dower in the real estate of him from whom she has been divorced, she must prove a demand the same as if she were prosecuting her suit as a widow.

To constitute a legal demand for dower, there must be a verbal or written request to the other party to do the definite act of setting out the demandant's dower in certain lands sufficiently described.

Negotiations or discussions upon the subject of her dower, between the parties; or propositions for a compromise or for a relinquishment of her right for a sum of money, made and considered; or the proposal of certain persons named as arbitrators to set out the dower in lieu of legal proceedings, are not sufficient to constitute a demand.

ON REPORT.

DOWER, by the demandant, who had been legally divorced from the bonds of matrimony between her and the defendant, Nov., 1862.

The three following letters from F. O. J. Smith, demandant's attorney, to the defendant, were read as evidence of a demand : —

"Aug. 21, 1863. — Can we agree on either three of the following persons, as appraisers to set off dower in the sev-

eral parcels of real estate, to which your former wife is entitled." [Here follow the names of seven persons.] "If so, please inform me. If not, say on what names will you agree, and save proceedings in Court on the subject."

"Sept. 18, 1863. — In lieu of other proceedings for setting off the dower in your several parcels of property in favor of your former wife, can we agree on either of the three following persons as appraisers?" [Here follow the names of fifteen persons.] "It seems as if from these we can agree on three and proceed immediately to a set-off. And what can we do respecting the property in Massachusetts, and in Ohio? Can we agree amicably for set-offs there?"

"March 19, 1864. — I find a writing of reference between you and Mrs. Cynthia J. Merrill, for setting off dower, and met with an entirely new proposal, to which we cannot consent, viz., the set-off to be either in separate parcels, or in one parcel. This we cannot consent to, and if you insist on it, that ends a reference. Please inform me before Monday noon of your decision."

Also a letter from Shattuck to Smith as follows :

"Oct. 17, 1863.

"Your note of the 18th ult. did not reach me until the 13th inst. I respectfully beg to say, I will agree that John Read, Jonas Raymond and Hosea Kendall, (of Portland,) may act as appraisers, or commissioners, in setting out her dower to my former wife in my estate in Maine, and am ready to complete the arrangement at any time. In regard to your proceedings in other States, I have nothing to suggest."

It appeared from evidence introduced by the demandant, that there were several personal interviews between her attorney and the defendant concerning the matter of setting off her dower, but as to the demand the attorney testified : "The demand I made of dower for the demandant was in the form of a letter. Cannot state what description of the lands there was in my letters to Shattuck, if any, but he understood what lands were referred to."

After the testimony was all in, the case was withdrawn from the jury and submitted to the full Court.

*F. O. J. Smith,* for the demandant.

1st. Demand of dower may be made by parole. *True* v. *Stubbs,* 35 Maine, 92 ; *Curtis* v. *Hobard,* 41 Maine, 230. It may be proved by admissions of the tenant, or it may be inferred from facts and circumstances. *True* v. *Stubbs,* above.

2nd. A request or demand for dower may be laid at one time, and proved at another time. 1 Esp. N. P., 137.

3d. In case of decree of dower by the Court, conjunctively with a decree of divorce, no demand subsequently is necessary to support an action for dower.

"No notice or special demand is necessary,' where the thing to be done rests equally in the knowledge of the defendant as of the plaintiff." *Farwell* v. *Smith,* 12 Pick., 83 ; *Hobard* v. *Hilliard,* 11 Pick., 143 ; *Lent* v. *Paddelford,* 10 Mass., 230.

4th. The demand in this case, although not needed, is proved in the testimony submitted, both in writing and by parole.

5th. The demand, if needed, is proved to have been made within the year preceding the date of the writ, and so seasonably under the statute.

*Geo. F. Shepley & A. A. Strout,* for the defendant.

KENT, J.—The question is whether a demand was legally made for dower, or, if not, whether any demand was necessary. As to the last question, we have no doubt that a demand is necessary, when a divorced wife claims dower in the estate of the husband. The statute which gives her this right says, that this "dower in his real estate is to be recovered and assigned to her as if he was dead." If he were dead, the statute, c. 103, §§ 18, 19, provides the mode of procedure, to wit, if her dower is not set out to her by the heir or tenant of the freehold, or assigned to her by the

Judge of Probate, she must demand her dower of the person who is at the time seized of the freehold, but she shall not commence her action before the expiration of one month, nor after the expiration of one year from the time of the demand. We see no reason why a divorced wife should be exonerated from making such demand. There is no statute exempting her from pursuing the same course to obtain her dower, as if her husband were dead.

Was there a sufficient demand made in this case, on the proof before us? This is a question of fact. No particular form is required. Nor is it essential that it be made in writing. But it must be shown that in some form a demand or request was made on the party who held the land, that he should do a precise and defined thing, viz., — set out to the demandant her dower in certain lands sufficiently described. It is not enough to show negotiations or discussions between the parties on the subject of her dower, or that propositions for a compromise or for the relinquishment of her right, for a sum of money, had been made and considered, — or that the suggestion had been made, that certain arbitrators might set out the dower in lieu of legal proceedings, by amicable arrangement. All these failing, if the wife would resort to her strict legal rights, she must make a demand on the other party to do this one specific act. It would be clearly unjust to the party holding the land, to allow the other party, pending these negotiations, to commence a suit for dower before there was an end of them. Whenever the demandant chooses to put an end to negotiations and to pursue legal remedies, her demand of dower will inform the other party that, if he does not set it out within thirty days, a suit may be commenced.

It seems, from the testimony of the demandant's attorney, that the only demand made was in form of a letter.

The defendant testifies that no demand of dower, in any form, was ever made on him, and that the three letters in the case were all that were ever received by him in relation to this dower. The first two of these letters relates to a

proposition to select certain men to appraise and set out dower, " in lieu of other proceedings." It is also suggested that, if the parties could agree on three men, they could " proceed immediately to a set-off." In the last letter, he objects to what he deems a new proposal, and says " if this is insisted on, that ends a reference," — and concludes with a request to be informed of his decision. This seems to leave the parties where they were when negotiations commenced. We cannot find the evidence of a demand to have dower set out required by law.

> *Plaintiff nonsuit, without prejudice to*
> *an action on a new demand of dower.*

WALTON, DICKERSON, BARROWS, DANFORTH and TAPLEY, JJ., concurred.